**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **CASE NO: 8:16-CR-532-MSS-CPT**

**ALVOID WILSON KENNON**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Alvoid Wilson Kennon's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 169), and the Government's response in opposition, (Dkt. 171) On October 25, 2017, the Defendant was found guilty by jury trial to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Dkt. 134 at 4) The Court sentenced Defendant to a term of incarceration of one hundred and eighty (180) months followed by a sixty- (60-) month term of supervised release. (Dkt. 169 at 2) Defendant is 47 years old and is incarcerated at F.C.I. Jesup. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 31, 2026). He is projected to be released December 15, 2035. Id.[1]

[1] While his federal case was pending, Kennon entered a plea of nolo contendere on December 17, 2018 to three counts of sale or delivery of cocaine within 1000 feet of a school. The state court sentenced him to 87.15 months with 451 days of credit for previous jail time, to run consecutive to the 180-month federal sentence. (Dkt. 171, Ex. A) Kennon was released to

In the instant Motion, Defendant requests the Court grant him compassionate release because he suffers from a terminal medical condition that threatens his health and increases his susceptibility to COVID-19. (Dkt. 169) Defendant also requests the Court appoint him counsel (Id.) In his Motion, Defendant argues that newly established Supreme Court precedent would bar his conviction under 18 U.S.C. § 924(e) if that precedent had been in effect prior to his sentencing. (Id.) The Court construes Defendant's argument to be one that he is eligible for compassionate release because his sentence is unusually long as compared to current sentences due to intervening changes in the law.

A district court may reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). Defendant addressed a letter to the warden of his facility, dated April 24, 2025, asking the warden to file a motion for compassionate release on Defendant's behalf. (Dkt. 169 at 36) Defendant attaches this letter to the Motion as evidence of exhaustion. (Id. at 36, 3) The Government agrees that this letter proves exhaustion because Defendant filed his Motion with the Court more than 30 days after

federal custody on November 23, 2023, at which point he began his federal sentence. (Dkt. 171, Ex. B)

the warden received Defendant's letter. (Dkt. 171 at 5) Accordingly, the Court reviews Defendant's Motion on its merits.

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." Id. The Sentencing Commission's existing policy statement on compassionate release is U.S.S.G. § 1B.13. The policy statement defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) and it is binding on this Court. United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021). Under § 1B1.13, circumstances identified in the following categories may render a defendant eligible for a sentence reduction: (1) serious medical circumstances of the defendant; (2) advanced age, resulting in a serious deterioration in physical or mental health, where the defendant has served the lesser of at least 10 years or 75 percent of the term of imprisonment; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member or similar individual; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstances or combination of circumstances that, when considered by themselves or together with any reason described in (1) through (4), are similar in gravity to those described in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years' imprisonment and a change in the law would produce a gross disparity between the

defendant's sentence and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)–(6).

Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for compassionate release if it determines that the defendant is not a danger to the public. U.S.S.G. § 1B1.13(a)(2). Additionally, the court must consider, in general, whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. In seeking compassionate release, the defendant "bears the burden of establishing that compassionate release is warranted." United States v. Heromin, No. 11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing United States v. Hamilton, 715 F.3d 328, 341 (11th Cir. 2013)). Even if a defendant meets that burden, "the district court still retains the discretion to determine whether a sentence reduction is warranted." Hamilton, 715 F.3d at 341.

Defendant contends he is eligible for compassionate release because he suffers from a medical condition that terminally threatens his health and increases his susceptibility to COVID-19. (Dkt. 169) Medical circumstances that may qualify as extraordinary under U.S.S.G. § 1B1.13(b)(1) include, in relevant part: (1) a terminal illness; (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover;" or (3) a medical condition that "requires long-term specialized medical care that is not being

provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1).

Defendant asserts he suffers from an untreated case of tuberculosis that terminally threatens his health. (Dkt. 169 at 10–11) Defendant claims his tuberculosis makes him especially vulnerable to the COVID-19 outbreak. (Dkt. 169 at 4–5, 19) However, Defendant does not attach medical records or other evidence to the Motion in support of these contentions. No doctor or medical professional has ever prescribed medication to Defendant for the purpose of treating tuberculosis. (Dkt. 169 at 10) Prior to sentencing, Defendant attested to his good health and lack of allergies or health concerns. (Dkt. 134 at 21) This attestation contradicts the Motion, in which Defendant claims he has suffered from tuberculosis since 1998. (Dkt. 169 at 10) Defendant therefore fails to provide sufficient evidence to support his claim that he suffers from a terminal illness. The lack of evidence supporting Defendant's tuberculosis affliction also belies his claim that he is especially susceptible to COVID-19. Moreover, the threat COVID-19 poses generally has diminished. The Court finds Defendant has not established that his medical conditions, combined with the now less prevalent presence of COVID-19, constitute extraordinary and compelling reasons for compassionate release under § 1B1.13(b)(1).

Next, in the Motion, Defendant challenges his conviction under 18 U.S.C. § 924(e) (the "ACCA enhancement") and seems to seek relief under U.S.S.G. § 1B1.13(b)(6). (Dkt. 169 at 18) Defendant argues that Erlinger v. United States invalidates the application of the ACCA enhancement to his sentence because a judge,

rather than a jury, ruled on the applicability of the enhancement. (Dkt. 169 at 17); see generally 602 U.S. 821 (2024) (holding that a jury must decide whether the ACCA enhancement applies to a particular criminal defendant). Hence, Defendant suggests he is currently incarcerated under a sentence that is unusually long as compared to the sentence he would face if sentenced today. Even if true, which the court need not decide at this point, relief under § 1B1.13(b)(6) is only available to defendants who have served at least 10 years' imprisonment. Defendant has served approximately 38 months' imprisonment under his federal sentence. Defendant is, therefore, ineligible for compassionate release under § 1B1.13(b)(6). Moreover, the relief Defendant seeks is likely precluded by Supreme Court's recent decision in Rutherford v. United States, 608 U.S. ---, 146 S. Ct. 1320 (2026). As such, Defendant's request for compassionate release pursuant to § 3582(c) is **DENIED.**

Finally, the Court denies Defendant's request that the Court appoint him counsel. There is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing, and the decision to appoint counsel is left to the discretion of the district court. See United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009). Having considered Defendant's *pro se* request on the merits, the Court finds that appointment of counsel is not warranted.

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Compassionate Release, (Dkt. 169), is **DENIED.**

**DONE and ORDERED** in Tampa, Florida, this 6th day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE